IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

|  |  |
|---|---|
| **LUIS ADRIAN CORTES-RAMOS,**<br>Plaintiff,<br><br>v.<br><br>**ENRIQUE MARTIN MORALES a/k/a**<br>**RICKY MARTIN, JOHN DOE, RICHARD DOE, and**<br>**their respective insurance companies**<br><br>Defendants. | Civil No. 16-1223 (DRD) |

## OPINION AND ORDER

Luis Adrian Cortes-Ramos ("Plaintiff") is seeking damages against Enrique Martin Morales, John Doe, Richard Doe, and their respective insurance companies ("Defendants") alleging violations to Articles 1802 and 1803 of the Puerto Rico Civil Code, 31 L.P.R.A § 2991 and § 1021; the Copyright Act of the United States 17 U.S.C. § 101 *et seq*.; the Puerto Rico Trademark Act No. 169 of December 16, 2009; and the Trademark Dilution Revision Act, 15 U.S.C. § 1125. Pending before the Court is Defendant's *Motion to Dismiss* (Docket No. 5). For the reasons provided below, the Court hereby **GRANTS** Defendant's *Motion to Dismiss*.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

In 2013, Enrique Martin Morales ("Defendant") and Sony created the SuperSong Contest. People would submit their own original song and video for a chance to be chosen as the Grand Prize Winner. The winner would have his or her song performed by Defendant at the 2014 FIFA World Cup.

On January 2, 2014, Plaintiff submitted his entry materials (song and video) to the SuperSong website. On January 15, 2014 Plaintiff signed a release and an affidavit to be able to participate in the contest.

On February 10, 2014 the winner of the SuperSong contest was announced and Plaintiff was not chosen as the Grand Prize Winner. On April 22, 2014, Defendant released his single "Vida", along with a music video that Plaintiff claims is almost identical to his contest submission.

On February 8, 2016, Plaintiff filed suit against Defendant. *See* Docket No. 1. Plaintiff claims he was fraudulently induced into signing the contract for the SuperSong Contest. Plaintiff also alleges he has suffered mental anguish since he was never credited or compensated for his compositions. He avers Defendant violated the Puerto Rico Trademark law and the United States Copyright Act.

On March 3, 2016, Defendant filed a *Motion to Dismiss* (Docket No. 5) pursuant to Fed. R. Civ. P. 12(b)(6). Defendant argues that the present case must be stayed pending arbitration pursuant to 9 U.S.C. § 3, or dismissed in its entirety, as all the claims pending before the Court are arbitrable.

On June 16, 2016, Plaintiff filed a *Response in Opposition to Defendant's Motion to Dismiss* (Docket No. 19). Plaintiff then averred that the case should not be remanded to arbitration and dismissed because the contract was induced by fraud. Plaintiff also asserted he never read the Contest Rules.

On June 29, 2016, Defendant filed a *Reply to Response in Opposition to Motion to Dismiss* (Docket No. 27). Defendant argues that no discovery should be allowed and that whether or not Plaintiff read the Contest Rules or not is immaterial because Plaintiff was bound by the Rules when he entered the contest.

On September 15, 2016, Defendant filed an *Informative Motion Regarding Appeal of Related Case* (Docket No. 40) informing about a "closely related and prior action" dismissed by the Hon. Gustavo Gelpí on the same grounds that Defendant claims in this present motion was affirmed by the United States Court for Appeals for the First Circuit.

On September 16, 2016, Plaintiff filed a *Sur-Reply to Reply in Opposition* (Docket No. 42). Plaintiff denies that the complaint should be dismissed and then, for the first time, claims that Defendant is not covered by the arbitration clause in the Contest Rules.

On September 28, 2016, Defendant filed a *Response to Sur-Reply* (Docket No. 47) where he claims that arguments made for the first time on reply should not be considered. Nonetheless, Defendant claims that Plaintiff's argument that the former is not covered by the Contest Rules is incorrect since the rules state "that all actions arising under or in connection with the Contest Rules" shall be submitted to arbitration. Additionally Defendant claims he is entitled to compel arbitration due to his relationship to the contest.

On October 4, 2016, Plaintiff filed a *Reply to Defendant's Response to Sur-Reply* (Docket No. 51) where he claims that he should be allowed to do conduct discovery on his claims and reincorporates his previous arguments.

## II.        STANDARD OF REVIEW FOR MOTIONS TO DISMISS

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Under *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See Ocasio-Hernandez v. Fortuño-Burset*, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting *Twombly*, 550 U.S. at 555) (citation omitted).   Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a).  *Id.* at 570; *see e.g. Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by *Twombly*, 550 U.S. 544, and *Iqbal*, 556 U.S. 662. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action.  *See Iqbal*, 556 U.S. at 677-679 (concluding that plaintiff's complaint was factually

insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. *Iqbal*, 556 U.S. at 678. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" *Maldonado v. Fontanes*, 568 F.3d 263, 268 (1st Cir. 2009) (quoting *Iqbal*, 556 U.S. 678) (quoting *Twombly*, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." *Iqbal*, 556 U.S. 679. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or, conversely, whether dismissal under Rule 12(b)(6) is appropriate. *Id.*

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." *Id.* at 679-80 (citing *Twombly*, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." *Ocasio-Hernandez*, 640 F.3d at 12, (citing *Iqbal*, 556 U.S. 679).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." *Sepúlveda-Villarini v. Dep't of Educ. of P.R.*, 628 F.3d 25, 30 (1st Cir. 2010) (citing *Twombly*, 550 U.S. at 556); *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Iqbal*, 556 U.S. 679); *see Twombly*, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a

recovery is very remote and unlikely.")(internal quotation marks omitted); *see Ocasio-Hernandez*, 640 F.3d at 12 (citing *Twombly*, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'").  Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." *Sepúlveda-Villarini*, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss.  *Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996).  Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well.  *Penalbert-Rosa v. Fortuno-Burset*, 631 F.3d 592 (1st Cir. 2011).  "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not."  *Id.* at 596; *see Iqbal*, 556 U.S. at 681("To be clear, we do not reject [] bald allegations on the ground that they are unrealistic or nonsensical. . . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.*, 621 F.3d 10, 14 (1st Cir. 2010) (The *Twombly* and *Iqbal* standards require District Courts to "screen[] out rhetoric masquerading as litigation.").  However, merely parroting the elements of a cause of action is insufficient. *Ocasio-Hernandez*, 640 F.3d at 12 (citing *Sanchez v. Pereira-Castillo*, 590 F.3d 31, 49 (1st Cir. 2009)).

The First Circuit recently outlined two considerations for district courts to note when analyzing a motion to dismiss. *García-Catalán v. United States*, 734 F.3d 100, 104 (1st Cir. 2013). First, a complaint modeled on Form 11 of the Appendix of the Federal Rules of Civil Procedure which contains sufficient facts to make the claim plausible is ordinarily enough to surpass the standard prescribed under *Twombly-Iqbal*. *Id.* at 104. Second, district courts should accord "some latitude" in cases where "[a] material part of the information needed is likely to be within the defendant's control." *Id.* (more latitude is appropriate in cases

where "it cannot reasonably be expected that the [plaintiff], without the benefit of discovery, would have any

information about" the event that gave rise to the alleged injury.)(internal citations and quotations omitted).

### III.   ANALYSIS

#### Are Plaintiff's claims covered under the Contract?

The main argument under before the Court is whether or not the instant suit can be heard by this

Court since Defendant claims Plaintiff is bound by the Federal Arbitration Act ("FAA"). *See* 9 U.S.C. § 3.

The FAA was created in order to guarantee that contractual agreements that establish an arbitration clause

for issues arising under the contract are in fact resolved by the arbitration procedure. Arbitration

agreements "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in

equity for the revocation of any contract." 9 U.S.C. § 2.

Before deciding this issue, the Court must determine whether Defendant's argument that he is not

bound by the contract and the arbitration clause have merit. Defendant claims he did not read the Contest

Rules and was fraudulently induced into signing the contract.  However, "if [it] were permitted [for a person

to simply avoid being bound by a valid contract by stating that they did not read it], contracts would not be

worth the paper on which they are written." *Upton v. Tribilcock,* 91 U.S. 45, 50 (1875). Further, the Contest

Rules state that:

> (e) **By entering this Contest, entrant represents and warrants by submitting the Submission Materials, he or she (I) expressly agrees to all terms and conditions set forth in these Official Rules**; (I1) provides his or her express permission to appear in the Submission Materials; and (III) is aware of and consents to the display of the Submission Materials as described herein. *See* Docket No. 8, Exhibit A. (emphasis ours).

By entering the contest, Plaintiff was already bound by the Contest Rules. Plaintiff additionally signed and

submitted an Affidavit that stated that he had complied with the Contest Rules. See Docket No. 8, Exhibit

C. ("I affirm and represent that I have complied with the Official Rules of the Contest, a copy of which is

attached, and that I have committed no fraud or deception in entering the Contest or in claiming any prize, if awarded.").

Plaintiff also argued that he did not receive a copy of the Contest Rules which included the arbitration clause. It has been established that "[a]bsent fraud, a person is deemed to know the contents of a contract that he or she signs.... Thus whether plaintiffs actually knew of the arbitration clause in their contracts is irrelevant; that knowledge is imputed as a matter of law." *Rivera v. Centro medico de Turabo* 575 F.3d 10, 20–21 (1st Cir.2009). This also applies "when the signed document "incorporate[s] by reference" an arbitration provision "that may be found" in another document, "irrespective of whether [the party] received a copy of the document" containing the clause." *Benitez–Navarro v. González–Aponte,* 660 F.Supp.2d 185, 190 (D.P.R.2009)(citing *Steelmasters, Inc. v. Local Union 580 of Int'l Ass'n of Bridge, Structural, Ornamental and Reinforcing Iron Workers,* 2008 WL 312096 at *4 (E.D.N.Y.)). Accordingly, Plaintiff's argument regarding not having read the contract is baseless in law.

Plaintiff's second argument as to why he should not be bound by the contract is that he was fraudulently induced to sign it by Defendant. Plaintiff claims in the suit that he "was misinformed, lured to enter and to participate in contest with false information and threats with the only purpose to obtain his release to his compositions and creations in violation of the copyrights." *See* Docket No. 1. Federal Rule of Civil Procedure 9(b) states that "[i]n all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity". Furthermore, "[r]ule 9(b) requires not only specifying the false statements and by whom they were made but also identifying the basis for inferring scienter." *N. Am. Catholic Educ. Programming Found., Inc. v. Cardinale*, 567 F.3d 8, 13 (1st Cir. 2009). In this case, Plaintiff never stated how Defendant fraudulently induced him into signing the contract or offered any proof of any fraudulent statements that led him into entering the contest. As has been stated above, "we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual

enhancement.'" *Fontanes*, 568 F.3d at 268 (1st Cir. 2009) (internal citations omitted). Thus, the Court concludes that Plaintiff's argument that he was fraudulently induced to sign the contract is unfounded.

Finally, Plaintiff claims that Defendant is not covered by the arbitration clause in the contract because he is not a contest co-sponsor. Plaintiff first presented this argument in his *Sur-Reply to Defendant's Reply* (Docket No. 42) and arguments first raised in a reply are generally deemed waived. See *U.S. v. Torres* 162 F.3d 6, 11 (1st. Cir.1998) (see also *Sandstrom v. ChemLawn Corp.,* 904 F.2d 83, 86 (1st Cir.1990)). However, even if the Court were to accept Plaintiff's argument, it still would fail since the Contest rules state that "[a]ll actions or proceedings arising in connection with, touching upon or relating to these Official Rules, the breach thereof and/or the scope of the provisions of this Section 6 shall be submitted to JAMS". *See* Docket No. 8, Exhibit A. There is no doubt that this action arises due to the Plaintiff participating in the SuperSong Contest. Defendant was an integral part of the Contest and Plaintiff's complaint against the former is directly tied to the submission materials he used for the Contest. Thus, Plaintiff's argument that Defendant is not covered by the arbitration clause fails as a matter of law. With the issues above resolved, the Court can decide whether or not this case should be remitted to arbitration.

### Remitting the case to arbitration proceedings

"There is a strong judicial policy favoring the submission of contractual disputes to arbitration particularly under the provisions of the Federal Arbitration Act, which embodies the agreements reached in an international convention on arbitration". *Societe Generale de Surveillance, S.A. v. Raytheon European Mgmt. & Sys. Co.,* 643 F.2d 863, 867 (1st Cir.1981) (internal citations omitted). The FAA "expressly provides federal courts with the power to order parties to a dispute to proceed to arbitration where arbitration is called for by the contract." *Id.* at 868.

In order to compel arbitration, a party "must show that [1] a valid agreement to arbitrate exists, [2] that the movant is entitled to invoke the arbitration clause, [3] that the other party is bound by that clause,

and that [4] the claim asserted comes within the clause's scope." *InterGen N.V. v. Grina,* 344 F.3d 134, 142 (1st Cir.2003). The first prong is met since the Court has already established that the contract is valid and it contains a valid arbitration clause (section six of the Contest Rules):

> These Official Rules shall be governed by and construed in accordance with the laws of the State of New York, United States of America, without regard to choice of law principles. **All actions or proceedings arising in connection with, touching upon or relating to these Official Rules, the breach thereof and/or the scope of the provisions of this Section 6 shall be submitted to JAMS (alternative dispute resolution provider) ("JAMS") for final and binding arbitration** under its Comprehensive Arbitration Rules and Procedures if the matter in dispute is over US$250,000 or under its Streamlined Arbitration Rules and Procedures if the matter in dispute is US$250,000 or less, to be held in New York, New York, in the English language before a single arbitrator who shall be a retired judge ... **THE PARTIES HEREBY WAIVE THEIR RIGHT TO JURY TRIAL WITH RESPECT TO ALL CLAIMS AND ISSUES ARISING UNDER, IN CONNECTION WITH, TOUCHING UPON OR RELATING TO THIS AGREEMENT, THE BREACH THEREOF AND/OR THE SCOPE OF THE PROVISIONS OF THIS SECTION 6, WHETHER SOUNDING IN CONTRACT OR TORT, AND INCLUDING ANY CLAIM FOR FRAUDULENT INDUCEMENT THEREOF....** *See* Docket No. 8, Exhibit A. (emphasis ours).

With relation to the second prong, Defendant was an active part of the SuperSong Contest and this suit is a result of said contest. Even if Defendant was not a co-sponsor, "a non-signatory may…acquire rights under an arbitration agreement under ordinary state-law principles of…contract." *Restoration Pres. Masonry Inc. v. Grove Eur. Ltd.*, 325 F.3d 54, 63 n.2 (1st Cir. 2003). Furthermore, Defendant was a third-party beneficiary and the face of the SuperSong Contest. See *Motorsport Eng'G v. Maserati S.P.A.*, 316 F.3d 26, 29 (1st Cir. 2002)("A third-party beneficiary is one who is given rights under a contract to which that person is not a party."). Defendant was even included in many parts of said contract. See Docket No. 8, Exhibit B. ("I understand and agree that materials relating to the Contest, Television Special, FIFA World Cup and Ricky Martin, and/or portions thereof, including the SuperSong Materials, will be distributed to the public, in any medium."). The third and fourth prong are also met and have already been discussed above.

## IV.    CONCLUSION

"Where one side is entitled to arbitration of a claim brought in court, in this circuit a district court can, in its discretion, choose to dismiss the law suit, if *all* claims asserted in the case are found arbitrable". *Next Step Medical Co., Inc. v. Johnson & Johnson Intern*. 619 F.3d 67 (1st Cir. 2010)(citing *Bercovitch v. Baldwin Sch., Inc.,* 133 F.3d 141, 156 & n. 21 (1st Cir.1998)); *see* 9 U.S.C. § 3. Accordingly, the Court concludes that the contract and arbitration agreement are valid and that Plaintiff is bound by both. Thus, as all the claims brought before this Court are arbitrable, the Court hereby **GRANTS** Defendant's *Motion to Dismiss* (Docket No. 5).   This suit is **DISMISSED WITHOUT PREJUDICE** and remitted for arbitration proceedings consistent with the provisions of the contract entered into by both parties.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 28th day of October, 2016.

/S/ DANIEL R.DOMÍNGUEZ
DANIEL R. DOMÍNGUEZ
U.S. District Judge