## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**LUIS ADRIAN CORTES-RAMOS**

Plaintiff,

v.                                                    Civil No. 16-1223 (DRD)

**ENRIQUE MARTIN-MORALES a/k/a RICKY MARTIN, JOHN DOE, RICHARD DOE, and their respective insurance companies.**

Defendants,

## OPINION AND ORDER

The First Circuit remanded the instant case for this Court to determine whether Plaintiff should be allowed to amend his *Complaint* in order to satisfy the requirements set at Section 411 (a) of the Copyright Act of 1976 ("Copyright Act"), 17 U.S.C. § 411 (a). *See* Cortes-Ramos v. Martin-Morales, 956 F.3d 36 (1st Cir. 2020). To that end, pending before the Court are Plaintiff's multiple request for leave to amend. *See* Docket Nos. 104, 105, 107 and 116.

After considering Plaintiff's arguments, Defendant's contentions and the applicable case law, the Court hereby **DENIES** Plaintiff's request for leave to amend and **DISMISSES** -**without prejudice**- Plaintiff's surviving claims under the Copyright Act.

### I.    Factual and Relevant Procedural Background

In 2013, Defendant partnered with the Sony to create the *SuperSong Contest* ("Contest"). *See* Docket No. 1 at 3. The Contest invited people to compose, record, and submit their own original song and accompanying video for a chance to be chosen as the Grand Prize Winner. *Id*. at

3-4. The Grand Prize Winner would have his or her song performed by Defendant at the 2014 FIFA World Cup. *Id*.

On January 2, 2014, Plaintiff submitted his entry materials (song and video) to the SuperSong website. *Id*. at 5. On January 15, 2014, Plaintiff signed various releases to be able to participate in the contest. *Id*. On February 10, 2014, the winner of the Contest was announced, but Plaintiff was not chosen as the Grand Prize Winner. *Id*. at 6. Subsequently, on April 22, 2014, Defendant released a music single called "Vida" along with a music video, both of which the Plaintiff now claims are almost identical to his contest submission. *Id*.

On February 8, 2016, Plaintiff filed the instant suit against Defendant. Plaintiff asserted federal claims pursuant to the Copyright Act, 17 U.S.C. § 101 *et seq*.; and state law claims under the Puerto Rico Trademark Act of 2009, Puerto Rico Contracts Laws, 31 L.P.R.A. § 2992; Puerto Rico Property Laws, 31 L.P.R.A. § 1020; and Puerto Rico's Civil Code, 31 L.PR.A. §§ 5141-5142.

Eventually, Defendant filed a *Renewed Motion to Dismiss*. *See* Docket No. 64.[1] After the necessary motion practice, the Court issued an *Opinion and Order* and dismissed Plaintiff's Copyright Act claims with prejudice and state law claims without prejudice.

Unsatisfied, Plaintiff filed a *Notice of Appeal* before the First Circuit. *See* Docket No. 95. On April 13, 2020 Circuit Court entered an *Opinion* in <u>Cortes-Ramos v. Martin-Morales</u>, 956 F.3d 36 (1st Cir. 2020). With regards to Plaintiff's federal Copyright Act claims, the First Circuit determined -as did the District Court- that the *Complaint* did not contain a necessary allegation that a copyright registration had been obtained prior to the suit. However, considering this was the only deficiency with Plaintiff's Copyright Act claim, the First Circuit found that the District Court

---

[1] For a review of the procedural accounts that led to this juncture, the Court suggests a reading of the *Opinion and Order* entered at Docket No. 93 and the First Circuit's *Opinion* in <u>Cortes-Ramos v. Martin-Morales</u>, 956 F.3d 36 (1st Cir. 2020).

"should not have dismissed the copyright claim with prejudice". *Id*. at 43. Furthermore, the Circuit Court stated that "[t]here appears to be no dispute that the Copyright Office registered Cortés-Ramos's music video after he filed his complaint with the district court, and this he could allege registration in a new action". *Id*. Consequently, the First Circuit remanded the case to the District Court to answer "the question of whether [Plaintiff] should be allowed to supplement his complaint under Rule 15 (d) or instead he should be required to file a new action". *Id*. at 44.[2]

Afterwards, Plaintiff filed a *Motion for Leave to file Amended Complaint*. *See* Docket No. 104.[3] In essence, Plaintiff requested the Court to grant leave to file an amended complaint "to include and correct; defendants name, clarifying information, correct information and include information under *Federal Rules of Civil Procedure 15 (d)*." *Id*. at 1. However, the Court highlights -as correctly stated by Defendant in his initial *Opposition*- that in said motion Plaintiff failed to specify what was the substance of his amendments and, also, failed to attach an amended complaint to his petition.

On June 12, 2020, Petitioner filed yet another *Motion for Leave to Amended Complaint*. *See* Docket No. 116. This time, Plaintiff informed that his request to amend was focused on two matters. First, Plaintiff was to eliminate "all state law claim[s] as determined by the Court"; and, second, he was to include an allegation that "he registered his work; the music video *La Copa del Mundo (Brasil 2014)* including the lyrics, melody, choreography, etc. in the United States Copyright Office with effective date of registration: March 1, 2017". *Id*. at 1. Plaintiff also attached his proposed *First Amended Complaint* which reflects the changes informed in the *Motion*.[4]

---

[2] On the other hand, as to Plaintiff's state law claims, the First Circuit "affirm[e]d the district court's dismissal without prejudice of the state law claims". Cortes-Ramos v. Martin-Morales, 956 F.3d 36, 45 (1st Cir. 2020).
[3] For some reason, Plaintiff filed the exact same *Motion* three times. *See* Docket Nos. 104, 105 and 106. The Court will address the three motions as if they were one.
[4] The Court also notes that Plaintiff had previously filed an exact copy of the *First Amended Complaint* -included as an attachment to his *Motion*- at Docket No. 115; however, none of his previous motions to amend addressed said *First*

In response, Defendant filed a *Memorandum of Law in Opposition to Plaintiff Luis Adrian Cores-Ramos's Second Motion for Leave to File Amended Complaint*. *See* Docket No. 119.[5] In essence, Defendant contests that Plaintiff's request for amendment should not be granted because he "has no rights in or to, and cannot state any claim arising from or based on, the work at issue in this action". *Id*. at 5. In its relevant part, Defendant contends that Plaintiff's proposed amendments are essentially futile since he has no rights in the Submission made for the Contest. To that end, Defendant questions the validity of Plaintiff's copyright registration since he "[a]ssigned all right in the Submission to Sony and, as such, can state no claims related to the Submissions because he has no ownership interest in the Submission, nor any ability to limit the use of it". *Id*. at 8. Pursuant to the aforesaid, Defendant contest that -with his proposed *First Amended Complaint*- Plaintiff has "now conclusively demonstrated that he can never state allegations that would support his claims and make them viable, not only should Cortes-Ramos be denied leave to amend or supplement his Complaint, but the court also should exercise its inherent authority and dismiss the Complaint and this action with prejudice on the same grounds". *Id*. at 12.

Finally, Plaintiff filed a reply to Defendant's *Memorandum*. *See* Docket No. 125.[6] In its relevant part, Plaintiff alleged that he "complied with applicable statutory formalities in filing suit for a Copyright Infringement Claim; Registration was provided". *Id*. at 8.

*Amended Complaint*. Consequently, the Court disregards said filing and focuses on the *First Amended Complaint* included as an attachment to Docket No. 116.

[5] The Court notes that Defendant had previously filed a *Memorandum in Opposition* to Plaintiff's initial *Motions for Leave to Amend*. *See* Docket No. 108. However, taking into account that Plaintiff's latest *Motion for Leave to Amend* finally addressed the substance of his proposed amendments and included a proposed amended complaint, Defendant updated his contentions in opposition. In deciding this matter, the Court considered both of Defendant's *Memorandums in Opposition*.

[6] The Court acknowledges that Petitioner also filed a reply to Defendant's first *Memorandum in Opposition*. *See* Docket No. 125. The Court considers both submissions.

4

## II.   Legal Standard and Analysis

### A. *Leave to Amend.*

Rule 15 of the Federal Rules of Civil Procedure provides that a "party may amend its pleading once as a matter of course within 21 days after serving it [or after] service of a motion [to dismiss]." Fed. R. Civ. P. 15(a)(1)(A)-(B). Rule 15 further provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2).

It is well known that the Rule 15(a) leave freely given standard is liberal; however, it is not limitless. *See* Rife v. One West Bank, 873 F. 3d, 17, 21 (1st Cir. 2017)(*citing Forman v. Davis*, 371 at 182 (1962); *see*, *also*, United States ex rel. D'Agostino v. EV3, Inc., 802 F.3d 188, 195 (1st Cir. 2015) (*citing* O'Connell v. Hyatt Hotels of P.R., 357 F.3d 152, at 154 (1st Cir. 2004)). For example, pursuant to the Supreme Court, an amendment to the pleadings should not be allowed when there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Forman v. Davis, 371 U.S. 178, 182 (1962); *see*, *also* Averbach v. Rival Mfg. Co., 879 F.2d 1196, 1203 (3d Cir. 1989). Finally, it's worth noting that "the grant or denial of an opportunity to amend is within the discretion of the District Court[.]" Foman v. Davis, *supra*, at 182.

### B. *The Copyright Act's Registration Requirement.*

The Copyright Act of 1976 provides certain copyright protections to "original works of authorship". To that end, an author gains certain "exclusive rights" upon the works creation. *See* 17 U.S.C. § 106; *see*, *also*, Eldred v. Ashcroft, 537 U.S. 186, 195 (2003). One of the protections afforded to authors is their prerogative to file a civil suit for infringement of his "exclusive rights".

5

*See* 17 U.S.C. § 501 (b). However, in order to pursue an infringement claim, generally, an author has to comply with the requirements set in Section 411 (a) of the Copyright Act.

Specifically, Section 411 of the Copyright Act states that "no civil action for infringement of the copyright in any United States work shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C.A. § 411.[7] Recently, in Fourth Estate Pub. Benefit Corp. v. Wall-Street.com, LLC, 139 S. Ct. 881, 887, 203 L. Ed. 2d 147 (2019), the Supreme Court had the opportunity to reiterate the registration requirement and, furthermore, clarified "when" said registration occurred.

To that end, the Supreme Court stated that "outside of statutory exceptions not applicable here, § 411(a) bars a copyright owner from suing for infringement until 'registration ... has been made.'" Fourth Estate Pub. Benefit Corp, *supra*, 888. Furthermore, in *Fourth Estate* the Supreme Court explained that "'registration ... has been made" within the meaning of 17 U.S.C. § 411(a) not when an application for registration is filed, but when the Register has registered a copyright after examining a properly filed application." *Id*. at 892.

After the Supreme Court's decision in *Fourth Estate* various District Courts have faced requests -similar to Plaintiff's request in the instant case- to amend complaints in order to satisfy the registration requirement of the Copyright Act. The Court notes that a considerable amount of District Courts have found that allowing such an amendment would run contrary to the Supreme Court's interpretation of Section 411 (a) pursuant to the decision entered in *Fourth Estate*. *See*, *e.g.*, Ambrosetti v. Oregon Catholic Press, No. 3:19-CV-00682-JD-MGG, 2020 WL 2219172, at

---

[7] The Court notes that Plaintiff has never alleged -nor included evidence- that the instant case was brought in reliance on one of the statutory exception to the "registration" requirement. Consequently, the Court's analysis solely focuses on the "registration" scenario.

*5 (N.D. Ind. May 7, 2020); <u>Nina Rawls v. Paradise Artists, Inc.</u>, No. 3:18-cv-0417, 2020 WL 1493610, at *5 (M.D. Tenn. Mar. 27, 2020); <u>UAB "Planner 5D" v. Facebook, Inc.</u>, No. 19-cv-03132-WHO, 2019 WL 6219223, at *7 (N.D. Cal. Nov. 21, 2019)("A plaintiff cannot cure its failure to meet the preconditions set forth in 17 U.S.C. § 411(a) by amending its pending complaint."); <u>Mai Larsen Designs v. Want2Scrap, LLC</u>, No. SA-17-CV-1084-ESC, 2019 WL 2343019, at *6 (W.D. Tex. June 3, 2019) ("To adopt [plaintiff's] reasoning the Court would have to hold that *Fourth Estate* allows a plaintiff to file a lawsuit before copyright registrations have been awarded and to amend the pleadings after registration is obtained, so long as the effective date (i.e., the date of application) predates the filing of the lawsuit. The Court cannot square this argument with the holding of *Fourth Estate*."); <u>Malibu Media, LLC v. Doe</u>, No. 18-CV-10956 (JMF), 2019 WL 1454317, at *2 (S.D.N.Y. Apr. 2, 2019) ("Plaintiff's argument would make a meaningless formality out of *Fourth Estate's* requirement that an application be approved prior to filing suit. Were it correct, a plaintiff could file suit at any time, notwithstanding Section 411(a)'s precondition, and simply update the complaint when registration finally occurred.") The Court agrees with said determinations.

In the instant case, Plaintiff filed a *Certificate of Registration*, issued by the United States Copyright Office, with regards to the work he submitted to the Contest. *See* Docket No. 124. The referenced *Certificate* reveals that the "Effective Date of Registration" was on March 01, 2017; that is, almost a year after the *Complaint* in the instant case was filed. If the Court were to agree to Petitioner's request to amend, it would validate the filing of a suit in violation of the requirements set in Section 411 (a). Therefore, the Court **<u>DENIES</u>** Petitioner's request for leave to amend filed at Docket Nos. 104, 105, 107 and 116.

### III.    <u>Conclusion</u>

As previously stated, the First Circuit remanded the instant case for the sole purpose of determining whether Plaintiff should be awarded leave to amend the *Complaint* in order for him to satisfy the "registration requirement" of his only surviving claim under the Copyright Act. Since the Court hereby denies the request for leave to amend, Plaintiff's Copyright Act claim is therefore **<u>DISMISSED</u>**, **<u>without prejudice</u>**.[8]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, August 21, 2020.

*S/Daniel R. Domínguez*
Daniel R. Domínguez
United States District Judge

---

[8] Defendant requested -for various reasons- that said dismissal be made with prejudice. However, as the First Circuit stated, Plaintiff "could allege registration in a new action". <u>Cortes-Ramos v. Martin-Morales</u>, *supra*, at 43.